HICKS v. MANUFACTURING COMPANY.

(Filed November 13, 1906).

*Master and Servant—Defective Machinery—Negligence—
Contributory Negligence—Evidence.*

1. In an action by an employee to recover damages for injuries sustained in endeavoring to clean out a machine, where he testified that he was injured by reason of a defective machine of which he had no notice, and that if the machine had been in proper condition there was no danger to be reasonably apprehended from cleaning it in the manner testified to, the Court committed no error in refusing to nonsuit plaintiff.

2. In an action by an employee to recover damages for injuries sustained in endeavoring to clean out a machine, where defendant offered evidence to show that the machine was a standard one and was superseding the old machines, and that the opening, by reason of which plaintiff's hand was injured, was not a defect, but a part of the structural plan of the machine, and plaintiff alleged that the old machine which he had hitherto used afforded complete protection, and if the defendant had installed a different machine which created an additional danger, it was its duty to warn him of this condition, an instruction, that if the jury found the new machine differed in this respect from the old ones and that plaintiff did not know of the opening and could not have known of it by the exercise of ordinary care, and was put to work on the new machine without notice of its condition, then the defendant would be guilty of negligence, was addressed to the duty of the defendant to warn the plaintiff, and did not make any particular machine the arbitrary standard of excellence.

ACTION by Joseph Hicks against Naomi Falls Manufacturing Company, heard by *Judge G. S. Ferguson* and a jury, at the June Term, 1906, of the Superior Court of GUILFORD.

There was verdict and judgment for the plaintiff, and the defendant excepted and appealed.

*R. C. Strudwick* for the plaintiff.
*W. P. Bynum, Jr., Cabell, Talley & Cabell* and *G. S. Ferguson, Jr.,* for the defendant.

HOKE, J. This cause was before the Court on a former appeal, and will be found reported in 138 N. C., 319. Pursuant to the order then made, a new trial was had, and the case, under the charge of the Court, was submitted to the jury on the usual and ordinary issues in actions of this character.

On the trial below, the plaintiff, among other things, claimed and testified that at the time of the injury he was an employee of defendant, at work in the lapper-room; that these machines were encased in a covering, and their operation in the process of cleaning cotton was explained to the Court and the jury by.means of a model exhibited at the time of the examination; that when plaintiff first went to work there were three machines in the room, two Atherton and one Whiting. In a month or so another machine was installed, known as the Kitson, and plaintiff was injured in. endeavoring to clean out this machine.

Plaintiff further testified that he had worked at this particular employment at this and other mills for several years; and in all properly constructed machines, and all that plaintiff had ever examined, there was underneath the covering a screen made by slats from ⅛ to ½ inch apart, and extending from the mote-box, which was on the floor of the lapper-room, clear around to the feed-roll, the point where the cotton entered the machine; and these slats were well-nigh a complete protection for any one cleaning the machine from the beaters of the machine as it revolved. That at the time of the injury, plaintiff was endeavoring to clean out the machine, when his hand was caught by the beater and severely injured; and this was caused by reason of the fact that one of the slats in this Kitson machine was missing, thus preventing the screen from offering the complete protection which it would otherwise have done.

On question and answer, the examination of the witness on this point was as follows:

Q. What were you doing when you were hurt? A. I was cleaning out the motes.

Q. How were you cleaning them out? A. With my hands. I raked out what I could with my hands; then I had to stick my head and shoulders in to reach back there.

Q. I will ask you if there was any danger in cleaning out this machine while same was running if slats were all in place? A. No, sir.

Q. Why? A. There was no other place for me to be hurt.

Q. I will ask you if these screens fully composed of the slats would have protected you, whether running or not? A. Yes, sir.

Q. Was there any danger of putting part of your person in there if all the slats had been there? A. No, sir.

Q. What, then, was the cause of your being injured? A. Missing slat.

Plaintiff further testified that he had never examined this machine or raised the covering, having no occasion to do so, and was not aware of any defect in it till some time after the injury, when he went back and examined the machine, and found the slat missing, as stated.

There was evidence of the defendant to the effect that the machine was a standard machine, approved and in general use, and was in no way defective; that plaintiff had negligently exposed himself to injury by the unusual manner in which he was endeavoring to clean the machine at the time, etc.

On the argument here it was earnestly urged by counsel that defendant having supplied plaintiff with a standard, up-to-date machine, there was no fault imputable to defendant by reason of this injury; and it was further contended that plaintiff was guilty of contributory negligence by the unusual and uncalled-for method by which he was endeavoring to clean out the motes.

The fallacy of these positions rests in this: they both assume that the evidence offered by defendant is true or was uncontradicted, whereas the plaintiff, as we have seen, testified that he was injured by reason of a defective machine of which he had no notice; and, secondly, if the machine had been in proper condition there was no danger to be reasonably apprehended from cleaning the machine in the manner testified to. If this be true, there was a right of action, and his Honor committed no error in refusing to nonsuit plaintiff on defendant's motion.

Defendant further alleges for error the portion of the charge pointed out in exception 13, as follows:

"If you shall find from the evidence, by the greater weight, that the defendant removed the Whiting machine and placed the Kitson machine in its place, and that the slats of the Whiting were so arranged that the plaintiff, in getting out the motes from the mote-box, and he claims that the slats between that and the beater were so arranged that he could not get his hand through it, that the spaces were so close together that there was not sufficient space that his hand could go through, and you further find from the evidence, by its greater weight, that the Kitson machine, upon which he was hurt, was put in the place of the Whiting machine, and should further find from the evidence that in the Kitson machine the space between the upper slat was sufficient for the hand of the plaintiff to have gone through, and should further find that the plaintiff didn't know of this space in the Kitson lapper, and could not have known of it by the exercise of ordinary care in doing and performing the duties required of him, and he was put to work on that Kitson machine without any notice of the condition of the slats or space, then I charge you that the defendant would be guilty of negligence, and it would be your duty to find, if you find that the plaintiff was injured on account of the negligence of the defendant, to answer the first issue 'Yes.' "

Defendant contends that this charge erroneously fixes upon the Whiting machine as the standard of excellence; whereas the standard is such machines as are approved and in general use. But we do not think this a correct interpretation of his Honor's charge.

Defendant was contending, and had offered evidence to show, that the Kitson was a standard machine that was coming in and superseding the old machines, and that the opening, by reason of which plaintiff's hand was injured, was not on account of a missing slat, but was a part of the structural plan of the machine.

Plaintiff, in reply, had alleged that in the machines which he had hitherto used, the Atherton and Whiting, the slats or screens afforded complete protection to the operator engaged in cleaning them; and if defendant had caused a new and different machine to be installed which created an additional danger, it was the duty of the employer to warn plaintiff of this condition, and not direct him to go on and clean the same when in motion, as he had been doing the others. Amer. and Eng. Ency., vol. 20, p. 96.

The charge of the Court pointed out by this exception was addressed to this feature of negligence imputed to defendant, and did not, and was not intended to, make any particular machine an arbitrary standard of excellence.

Under a charge free from error, the jury have accepted the plaintiff's version of the occurrence; and this being true, the plaintiff has a clear cause of action, and the judgment must be affirmed.

No Error.